## PONET v. WILLS et al.

### L. A. No. 114; April 9, 1897.

#### 48 Pac. 483.

**Boundary.**—The Findings of the Trial Court as to the Location of a division line will not be disturbed where the evidence is conflicting.

APPEAL from Superior Court, Los Angeles County; Lucien Shaw, Judge.

Action by Victor Ponet against William Le Moyne Wills and Charlotte Wills, in which there were findings and judgment for plaintiff. From an order denying their motion for new trial defendants appeal. Affirmed.

Geo. H. Smith and Smith & Winder for appellants; J. Brousseau for respondent.

HAYNES, C.—Action to quiet title. Findings and judgment were for the plaintiff, and defendants appeal from an order denying their motion for a new trial, upon the ground that the findings are not justified by the evidence.

Plaintiff and defendants own contiguous lots in the city of Los Angeles, fronting on Buena Vista street, formerly known as Eternity street. Said street runs nearly north

and south. Bellevue avenue, formerly known as Short street, crosses Buena Vista street at a point north of the premises in dispute, and plaintiff's lot lies on the north side of defendants' lot. Plaintiff alleges that defendants entered upon his lot in 1893, and erected a fence thereon parallel to his south side line, and eleven and two-tenths feet north thereof, and claim to own said land so fenced off from plaintiff's lot, or that they have some adverse interest therein. The sole question is as to the true location of the line between said lots. That the evidence in this case is conflicting is apparent from the briefs of counsel of the respective parties, as well as from the evidence contained in the record. An extended discussion of the evidence is, therefore, unnecessary. The lot now owned by plaintiff was conveyed by the city of Los Angeles to Carlos Cruz, July 11, 1868, by the following description: "All that certain piece or lot of land situated, lying and being in the city and county of Los Angeles, bounded and described as follows, to wit: Facing on Eternity street in said city sixty (60) feet and back in depth one hundred and sixty-five (165) feet; bounded north by Henry Bohring and south by city lands, as appears by a map made 8th July, 1868, by L. Seebold, deputy county surveyor." This conveyance was made upon the petition of Carlos Cruz, accompanied by said map, a copy of which is attached to the findings and to the complaint. This map shows that the south line of the Bohring lot, which is also the north line of the Cruz lot, is two hundred and forty-one feet south of the south line of Short street (now Bellevue avenue), and also shows a house upon the Cruz lot, the north side of which coincides with the north line of the lot. The answer alleges, and the court finds, "that defendant Charlotte L. Wills is the owner of lot 4, block E, of the Fort Hill tract, according to the survey of L. Seebold, made in July and August, 1868, and adopted as the official map No. 3 by the mayor and council of Los Angeles, November 17, 1868." Said lot was conveyed by the city to Jacob Hommel, December 29, 1884, the deed referring to said map made by Seebold last above mentioned. Appellants contend that these two maps were made by the same surveyor, from the same survey, and therefore the conveyances under which the parties respectively claim do not conflict; that respondent attempts to establish his case by measuring from the south line

of Bellevue avenue as it is now established, assuming that it is the same as the south line of Short street as it existed at the time of Seebold's survey; appellants further contending that the lines of Short street have been changed by the city council so that the south line of Bellevue avenue is now twenty and two-tenths feet farther south than the south line of Short street as shown by Ord's survey of 1849. This change is exhibited by a map made by A. Solano in 1894, put in evidence by appellants, purporting to show the lines of Short street by Ord's survey, also the lines of the same street according to a resolution of the council made in 1875, and the present lines of Bellevue avenue, which coincide with the lines fixed in 1875 so far as its intersection with the west line of Buena Vista street is concerned, though there is a material divergence as the lines of the street are extended westerly. It is apparent that from July, 1875, at least, the northeast corner of an adobe house situated at the southwest corner of Bellevue avenue and Buena Vista street marked the south line of Short street at its intersection with the west line of Buena Vista street; and if we assume that on July 8, 1868—at the time Seebold made the survey and map of the lot conveyed by the city to Carlos Cruz—the south line of Short street intersected the west line of Buena Vista street at the same point, the court below rightly found in favor of the plaintiff.

Upon this point the plaintiff called several witnesses, who gave testimony tending to show that there had been no change in the south line of Short street at its intersection with Buena Vista street since said survey and map were made. But the map made by Seebold for Carlos Cruz presents stronger evidence, if not of the true location of the south line of Short street as it existed in 1868, at least of the point which he took as the initial point of his survey, and which he assumed to be the south line of Short street; and, if said initial point can be determined, it must control, whether he was mistaken as to the location of the line of the street or not, as it will identify the precise boundaries of the land conveyed to Cruz. Upon said map Seebold marked a house, the north side of which coincides with the north line of the Cruz lot now owned by the plaintiff, and which is identical with the north line of the lot as marked in green lines upon defendant's Exhibit A, which, if correctly located, shows de-

fendants' encroachment of eleven and two-tenths feet. The house so marked by Seebold was, according to his survey, two hundred and forty-one feet from the point which he took as the south line of Short street. Mr. Botello testified that he had a faint recollection of that house; that it was built of wood, and was located about twenty-eight or thirty feet from the house in which his mother now lives. Applying the scale to Solano's map, we find the distance from the adobe house marked "Isabel Acuna" to plaintiff's north line, as designated by the green lines, to be thirty feet, and that line is two hundred and forty-one feet from the northeast corner of the adobe house which marks the south line of Bellevue avenue at its intersection with the north line of Buena Vista street. Mrs. Donaciana Reihm, who lives on the Bohring lot, testified that there was a house on the northeast corner of the Cruz lot, very near to the house in which she is now living; that it adjoined her lot, and was right on the line; and the house Cruz lived in in the seventies was there at the corner; that house has been torn down. That Cruz lived in the house at the northeast corner of his lot was also testified to by Emil Dubordieu, though there was testimony to the effect that Cruz lived in another house, near the south side of the lot. Mr. Botello also testified that he lived on the Bohring lot eleven or twelve years in a house which was a foot and a half or two feet on the Cruz lot. This house was not the adobe house in which his mother now lives. The witness called it a cottage. Solano's map shows a building abutting on the south line of the Bohring lot, but it is not designated by any name. Whether it is the cottage to which the witness refers, the record does not show, unless by inference. If that be the house mentioned by Mr. Botello, the blue lines on Solano's map, which purport to be made according to Seebold's survey, instead of cutting off "a foot and a half to two feet" of said house, cut off about eighteen feet. It is not probable that Seebold would show on the map he made for Carlos Cruz a house on the Cruz lot abutting the north line, when in fact the line cut off eighteen feet of a house on the Bohring lot, without noting that fact also. There is also evidence tending to show that a house was built on what was supposed to be the Cruz lot, near the south line; that it was burned about 1880, but that the excavation made for it is still visible, the greater part of which is between the

fence built by the defendant and the north line of plaintiff's lot as shown by the findings of the court. We think the evidence we have referred to is quite sufficient to sustain the findings, and the fact that it shows that Scebold must have taken the south line of Short street to be marked by the adobe house which now marks the south line of Bellevue avenue does not affect the case, even though the true south line of Short street was at that time twenty feet farther north. No other questions are discussed by counsel. We think that the order denying defendants' motion for a new trial should be affirmed.

We concur: Searls, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.